# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**FORWARD AIR INC.**, *et al.*,

    Plaintiffs,

    v.

**HUNTER LOGISTIC SERVICES, INC.**, *et al.*,

    Defendants.

Civil Action 2:18-cv-744
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## SHOW CAUSE ORDER AND REPORT AND RECOMMENDATION

Plaintiffs filed this action on July 31, 2018, against several defendants, including Hunter Logistic Services, Inc. ("Hunter Logistic") and John Doe Defendants. (ECF No. 1.) The docket reflects that Plaintiffs effected service of process over Defendant Hunter Logistic on October 29, 2018. (ECF No. 44.) When Defendant Hunter Logistic failed to timely file an answer, Plaintiffs applied for and obtained an entry of default from the Clerk pursuant to Federal Rule of Civil Procedure 55(a). Plaintiffs, however, have not yet filed a motion for default judgment. Pursuant to Local Civil Rule 55.1(b), Plaintiff is **ORDERED** to **SHOW CAUSE** why the claims against Defendant Hunter Logistic should not be dismissed for want of prosecution **WITHIN FOURTEEN (14) DAYS** of the date of this Order unless they have filed a motion for default judgment in the interim.

With respect to the John Doe Defendants, Plaintiffs failed to timely substitute their real names and effect service over them. Accordingly, on February 21, 2019, the Court ordered Plaintiffs to show cause within fourteen days why the Court should not dismiss this action as

against the John Doe Defendants without prejudice for failure to effect service and why the Court should allow an extension of time to effect service. (ECF No. 55.) To date, Plaintiffs have not responded to the Show Cause Order, sought leave to amend the Complaint, or effected service over the John Doe Defendants. It is therefore **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** against the John Doe Defendants pursuant to Rule 4(m) for failure to timely effect service of process.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

      /s/ *Chelsey M. Vascura*
      CHELSEY M. VASCURA
      UNITED STATES MAGISTRATE JUDGE